[No. 12690. Department One. August 11, 1915.]

THE CITY OF HOQUIAM, *Respondent*, v. ARTHUR LENHART et al., *Appellants.*[1]

EMINENT DOMAIN—BY CITIES—PURPOSES—GARBAGE. Under the express provisions of Rem. & Bal. Code, ch. 17 (§ 7768), a city is empowered to condemn land for garbage incinerators and dumping grounds.

SAME—PROCEEDINGS—PETITION. In condemnation proceedings by a city to acquire a location for garbage incinerators and dumping grounds, it is not necessary to state in the petition that provision has been made for payment of the award; since, by Rem. & Bal. Code, § 7784, possession may be taken only on payment of the judgment.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 31, 1914, adjudging a public use and awarding damages in condemnation proceedings, tried to the court and a jury. Affirmed.

[1]Reported in 150 Pac. 1196.

*Arthur Lenhart,* for appellants.

*Sidney Moor Heath* and *James P. H. Callahan,* for respondent.

CHADWICK, J.—This is a proceeding instituted by the city of Hoquiam to condemn certain property, both within and without the city, to be used as a location for garbage incinerators and as a dump for rubbish, etc. An ordinance was passed declaring it necessary to acquire the property. The property of appellants is situated outside of the corporate limits. Thereafter a petition was filed, setting up the ordinance and declaring in general terms that it was necessary to take the property of appellants for a public use. A demurrer was filed and overruled. The case proceeded to a hearing, after which the court entered a decree of necessity, and set the case down for trial before a jury to assess the value of the land taken and to ascertain the damage, if any, to the remaining property. The jury made an award of $800 for the property taken, and $200 as damages to the property not taken.

Appellants raise many questions going to the sufficiency of the preliminary proceedings and to the finding of necessity. They also insist that the city has no authority to condemn for the purposes indicated.

We think their contentions can be explained away by suggesting that they have confused the procedure in this case with that which would have obtained under the eminent domain act. The respondent is invoking the aid of 2 Rem. & Bal. Code, ch. 17 (§ 7768). Under it, power to take land for garbage incinerators and destructors and for dumping grounds is expressly given.

Neither is it necessary, as is contended, to state in the petition that provision has been made for the payment of the award. It is enough that a plan is provided. The property is amply protected by the statute, which permits possession

only upon payment of the judgment. Rem. & Bal. Code, § 7784 (P. C. 171 § 63).

The question whether a particular piece of property is needed is largely one of fact in all cases, and entirely so in this one. Without reviewing the testimony in detail, we deem it sufficient to say that there is ample testimony to sustain the finding of the trial judge that the property is necessary to the accommodation of a public use.

It is complained that the court erred in the admission and rejection of testimony, in the refusal to give requested instructions, and in permitting the jury to view the premises. We have gone over the record with some care and find no merit in these contentions.

Other assignments are made. We will not discuss them, for our holding upon the main issues, that is, that the city can condemn for the uses intended, and that the property is necessary for the uses intended, put them out of the case.

Affirmed.

Morris, C. J., Holcomb, Parker, and Mount, JJ., concur.